23-7099, Jen Sheen as personal representative of the estate of Robert Murphy, DC, the Gads v. District of Columbia. Mr. Temple for the Gads, Ms. Fitman for the Eppley. Mr. Temple, good morning. Good morning, Your Honors. May it please the Court, my name is Donald Temple. I represent the estate of Robert Murphy. Standard review here is as a rule, abuse of discretion. However, the Court, the question is also whether it applies the right legal standard. Standard review is de novo. I'd like to reserve three minutes for my rebuttal. The government tried this case as a termination case, Your Honors, but it was not. As a matter of law, this case was a conditional termination case and the documents that indicated that, despite efforts to dutifully achieve the discovery documents as early as March 2020 were not provided to the plaintiff. On the eve of trial, two business days before trial, that document at 464 in the appendix, a two-page document was provided to us. At that particular point in time, we filed a motion for sanctions. We were in a situation where it was, in our view, a trial by ambush. Our options were limited. Notably, Mr. Murphy, who had been very ill, had been coming to court in a wheelchair and was intent on having his day in trial. Yet, the Court determined that there was prejudice. Some prejudice determined that the district was absolutely wrong, despite attempting to place the blame on the plaintiff. And the Court found, notwithstanding that, that there would be no sanctions imposed. Did the Court just find that the document was not produced, but not necessarily found prejudice or bad faith? Well, the question is, the Court found that the document was not produced, clearly, and that it was not the fault. It was the government's fault that it was not produced, number one. Number two, on the issue of bad faith, the Court reached this question of bad faith versus negligence by hearing in five-minute arguments from both the plaintiff and defendant what the circumstances were surrounding the document. Court considered, based only on that, without doing a more probing examination of the circumstances surrounding the non-production of the document, that there was mere—didn't rise to mere negligence. The problem is, is that that particular document wasn't just an issue of the discovery, which the Court was considering it. That document was structural, and it's more analogous to what we saw in the Shepard case, when a critical contractual settlement document was omitted in the discovery process. In this particular case, that particular document defined the circumstances surrounding Mr. Murphy's termination. In other words, it stated that Mr. Murphy had retreat rights. Mr. Murphy was never told he had retreat rights. The government suggests that the termination letter, which was given to Mr. Murphy, which omits any reference to retreat rights but cites the statute, suggests implicitly that Mr. Murphy should have known he had retreat rights. So is the argument that if you read this document for all it's worth, it suggests that the termination might have been wrong as a matter of D.C. law? D.C.H.R. only approved a demotion, but then he was terminated, and so it suggests that you could have brought—I appreciate the timing—but it suggests that they could have been added or you could bring a new suit to raise that claim, doesn't it? A wrongful, improper, procedurally improper termination under D.C. law. Potentially, yes. But the suggestion—I want to make sure that I'm answering the court's question, please—the suggestion was more than a suggestion. That was as a matter of law. The law is very clear that in the statute cited by the government that the personnel agency has the discretion to determine retreat rights, and it did based upon the request. Consequently, the only way as a matter of law that the district could have terminated Mr. Murphy was to have offered him retreat rights, which it did not. So I guess my question is, let's assume that's all correct. He was improperly fired as a matter of D.C. law. That would suggest that you could have moved to amend the complaint. It might suggest that you could have or that you still can file a separate lawsuit, but it doesn't really change the character of the retaliation claim, which is you acted against me because of my protected activity rather than because of my own misconduct. Not quite. So how does it affect the retaliation? First of all, we filed for amended complaint in this case before closing to add claims that were attributed to the information, the evidence that we received, which was rejected by the court. To the question of retaliation, fundamentally, the retaliation case is based upon a termination. There was not an absolute termination. Every theory argued by the defendants from its answer to its discovery responses to its oppositions to summary judgment were all based upon the fact of an absolute, unconditional termination that did not exist. Well, how about what you were able to do at trial because you were still able to use the document? Sure. And I most appreciate it, Your Honor. But with all due respect, as in Shepard, you can't have a trial for five years and everything that you do in that trial is based upon the evidence that the district produced. But in this particular case, you can't cure, and our position is we can't cure or resurrect from the dead the fact that now with two days left, we have to go into trial and try to undo everything that has happened in that case. Every aspect, every legal argument, every factual argument, and not only that, the time that was invested in that over the six years that we were in the case to come back on the weekend of trial and try to alter that is extremely prejudicial, not only to Mr. Murphy, but not only to the plaintiff, but also to the court. But let's talk about what you could have cured with respect to the third-party retaliation claim where the judge stated that Sheen was not a DLC employee. That never got corrected. There was no attempt at moving for a correction of the record or amending the complaint to add a... Well, actually, the judge made that ruling in a summary judgment decision, and in the latter summary judgment decision... Summary judgment is before trial. Before trial, and is footnote eight in his summary judgment decision. But the fact of that is that that issue is on appeal as well. The extent to which that... It's only being brought up here is my point. It wasn't tried to be... If there was no attempt to cure it below, like that misstatement. Well, the problem we had at that particular point is at the trial stage, the judge had made his ruling with all due respect on that particular issue. We had to honor that ruling for purpose of trial. We would have to have filed a motion for reconsideration. Yes, and you could have. That's what I'm getting at. Well, the point of that is that we were prepared to proceed. That wasn't what we deem an error of law. We were prepared to proceed on the vicarious retaliation claim at that particular point. That's the only claim left. But the prejudice into that particular point, Your Honor, though, is that the prejudice even goes to that point because we would not have been arguing that particular retaliation claim. The retaliation is effectively attributed to the termination. But you're asking us to essentially revive your retaliation claim. No, I'm not. I'm not asking the court to revive the retaliation claim. I'm asking the court to know that this entire case was litigated on a false premise because the district did not provide a critical piece of evidence that was outcome determinative. In other words, if the district would have provided that evidence, we would know what we now know and what the district knew when it presented that evidence. There was no termination. So are you limiting your argument today just to the discovery document, not the third party retaliation claim? Well, the discovery document has implications for the third party for all of our claims. And what we just said that we're not arguing that I'm just trying to figure out what's bringing before us now. The entire case is before you. The discovery document, the fact that that document was presented and it altered the entire structure of the lawsuit as in the Shepard case. And as a result, we could not, from a due process point of view, following the rules of discovery, we could not go into court and argue a case that didn't exist. Okay. So on sanctions, an adverse jury instruction is an extreme remedy. Attorneys are extreme, essentially, too, because you have to really find some bad face and prejudice or something like that. But you were still able to use the document. Well, there's a fundamental distinction. And I see my time is expiring. There's a fundamental distinction between being able to use a document that you haven't had an opportunity to develop. By that time, the entire house of litigation, the entire house of cards had fallen. We were trying to recover from a tremendous disadvantage by not having had that particular document. And so the prejudice was overwhelming. And it couldn't be cured by us coming in on the eve of trial and then now having to go without being explained. But to get to the court's point on the curative instruction, a curative instruction following Sheppard, noting there's a distinction between the Rule 37 curative instruction and the inherent authority of the court to make an instruction to cure a defect. This record was fundamentally defective. The court knew when the information was provided in the exhibit that it was concealed. The problem is that the court didn't deem the prejudice to be substantial. The prejudice was overwhelming, not only to ourselves, but to the entire case. The entire case, all the court's rulings, all the motions, all the oppositions were based on a flawed premise that Mr. Murphy was terminated absolutely without retreat rights. Counsel, can I just try to clarify also what Judge Childs was asking about? What's before us? So there's certainly one argument that you've made and that we understand about the document. I had understood that in your opening brief, you're also making a separate argument, which is footnote eight of the motion to dismiss decision, dismissed your third-party retaliation. That's correct. And sort of independently, you think the case should go back so that you can have, I guess, discovery on your third-party retaliation claim as distinguished from the perception-based theory. Are you pressing that argument on appeal? If I may, to show the court the connection. The third-party retaliation claim is substantially implicated because it's based on the absolute termination. Knowing what we know now, the retaliation case is framed differently. Faust, who terminated Mr. Murphy, was the party defended in the same case as Pettiford, the sexual harassment case. And if Faust terminated Murphy... I certainly appreciate that. Let me just ask one last way I'll try to ask is, are you arguing that the amended complaint adequately states a claim for third-party retaliation?  Yes. All right. Thank you. Thank you. We'll give you some time to reply. Thank you so much. Ms. Pittman, good morning. Good morning. May it please the court, Lucy Pittman on behalf of the District of Columbia. I'm going to start with what was before the District Court. What was before the District Court with regard to this document was identified prejudice, quote, We would have gone to the personnel authority to ascertain the extent to which they considered the issue in this particular memo. That's at trial transcript 14 and reply brief at 10. So we have identified prejudice, right? That would have done some additional discovery with the personnel authority to determine if this memo actually has any meaning. We also have a proposed sanction that was offered. The proposed sanction is not tied to that identified harm. As the District Court found, the proposed sanction does not provide additional discovery. It simply asks that the jury find draws an inference that the failure to produce this memo was with the intent to mislead. There were no facts in the record to support that. And I would like to push back a little bit on what you heard from Mr. Temple this morning. The District Court in finding there was no bad faith or intent is in the transcript, and there is no pushback whatsoever from Mr. Temple during that argument. It starts on trial transcript three when the District Court first says there's no bad faith or intent here. And so your rationale for why there was no adverse inference? I mean, the District Court went through all aspects of the adverse inference, and I'm happy to do that as well this morning, although it is before the court, which is that the adverse inference does not tie to the harm that has been identified, would be unfairly prejudicial to the District, et cetera. There are things that could have been asked for here if there had wanted to be a sanction. Mr. Murphy could have asked for additional time to do discovery. That is not an uncommon thing that happens. The District Court can pause the trial even for a couple of hours to do discovery and could have said the District has to pay for that deposition. But that wasn't asked for, right? And so we have to, on an abuse of discretion standard, look at what is before the District Court and determine, did the District Court abuse its discretion there? Much of the arguments that were made this morning, as well as in the briefing before this court, were never before the District Court. I can highlight a few. Mr. Temple made reference a couple of times to the Shepard case that appears in his reply brief. It is about fraud on the court. That has never been raised at the District Court and was not raised in the opening brief and is clearly forfeited. He did not raise the entire structure of the case has been changed. Again, had that been the identified prejudice, you could have had a solution there, which is to pause the trial to allow Mr. Murphy to determine what's next. And as Judge Garcia pointed out, if the thought was that there is another claim, a cause of action under local district law, there could have been a request to amend the complaint, ask the District Court to supplemental jurisdiction over the local law claim. And I'll tell you, McCormick v. D.C., it's a 2014 case out of this circuit, explicitly recognizes that there would be that local law claim. Would anything stop the plaintiff from filing a separate lawsuit in Superior Court now? I don't know about statute of limitations or things like that. But that would be without comment on sort of the merits or that. Yes, that could happen, I believe. But again, that wasn't requested. And I am going to correct another thing that was said this morning. Mr. Temple said that the question of amending the complaint came up at the end of trial. Absolutely not about this issue. The only request to amend the complaint at the end of trial was on the third-party retaliation claim. And so again, this was not before the District Court. I think it does not reflect certainly an abuse of discretion if the District Court wasn't even given the opportunity to react to that. Can I ask you about the third-party retaliation claim?  So footnote 8 of the District Court's decision, how do you read that? Is the District Court saying as a matter of law, a former employee can't bring this kind of claim? Or that the complaint simply didn't state whether Ms. Sheen was an employee or a former employee? Sure, and I'm going to start with, you've already corrected it, but I would like to point out it is on a motion to dismiss, not summary judgment. And I think that is important, and I'll say why in a moment. I read footnote 8 as saying the complaint does not identify Ms. Sheen as an employee, as a former employee. Doesn't even identify her by name. Now, that's not what's in the footnote, but it does not actually identify her by name either. And so I read the District Court as saying there isn't a third-party retaliation claim in the amended complaint because of that. So can I just cut through that?  It does say, the complaint says, plaintiff's wife testified as a key witness against the agency in a well-known sexual harassment lawsuit. Sure. Isn't it a reasonable inference that a key witness in a sexual harassment lawsuit focused on Mr. Pettiford's conduct was an employee? I think if it said that she had been a claimant rather than a witness, I think that would probably be the only fair inference. I think here, the inference could be that she was a witness but wasn't an employee. The word witness, I think... Could have attended a holiday party and seen some misconduct. She could have been an inmate who witnessed it and was a witness. Like there's, she could have been... Those are conceivable inferences in a complaint. We read it in the light most favorable to the plaintiff. And one reasonable inference must be a key witness in a lawsuit about sexual harassment in the workplace is a employee. Sure. But I think when you couple that with what the actual allegation in the amended complaint is, which is that the retaliation was directed at Mr. Murphy. A third-party retaliation claim should state something like, employee sheen engaged in protective activity. Supervisor Pettiford wanted to retaliate against employee sheen. So he recommended the termination of employee Murphy, her fiance. The problem is the amended complaint has Murphy as the target of the retaliation and Pettiford sort of targeting him. It isn't written as sheen as the target. And so I think when you couple those things, I think that that is a fair reading. Now, I think that Judge Childs brings up some really good points, right? This was on a motion to dismiss. The information that the court said it needed, which was her employment status, Mr. Murphy had that throughout the entire case. So he could have asked to amend the complaint at any time. And in doing it early on, right after a motion to dismiss is almost universally going to be granted, right? So that would have been a time to have amended that. Instead, what you see... I think that is indisputably true. Yeah. And that if this is what it was dismissed for, they could have amended the complaint and this problem would have gone away. But do you have any authority for the idea that you can't appeal a dismissal if the case proceeds and could have but didn't amend your complaint? I think we've looked and haven't seen any suggestion like that. No, certainly not. But I think when we're looking at whether or not the dismissal, I recognize this is a de novo review. I think that Judge Bates accurately pointed out that in the complaint, there isn't sufficient information. And I think that that then can affirm the dismissal. I think I'm going more now to a little bit on what was actually sought at the trial, as Judge Bates refers to, in the 11th hour of the trial. So we've already got all of the evidences in. They've already proposed jury instructions. And that's when, for the first time, there's a request to amend the complaint to add the third-party retaliation claim. And that's simply too far. And I'll simply point out as well, in the briefing before this court— You can also amend complaints at trial based on the evidence that comes into the trial. Sure. But here, that wasn't really—there wasn't really evidence, again, that she was the target of the retaliation. And this time, you haven't appealed on that ground. No, no. There is a reference sort of at the end of the opening brief about the fact that there should have been—this should have been allowed at trial. Suggesting that there was evidence or not, I was just challenging your statement about that you can amend during trial. Oh, you absolutely could. You absolutely could. And in fact, there may have been things, had he raised that with the discovery violation, that perhaps could have been not an abuse of discretion to grant, but was never sought. And certainly on the amendment at the end of trial, that is also an abuse of discretion standard. And I don't see that there is an abuse of discretion there by the district court. So I understand all the arguments on the factual issue. What about the legal questions? Can you think of any good reason why a third-party retaliation complaint couldn't be brought in this situation? I know your brief said that was unsettled. There's one view that if you sort of just read Robinson and read Thompson, a former employee should be able to bring a claim like this as a legal matter. Do you have a dispute of that? We may not reach it at all, obviously. I would encourage the court not to reach it, because I don't think that this is the best vehicle for reaching that. I don't have—I get the policy argument of why it would be— the idea behind the Title VII retaliation is that you don't want there to be retaliation that if the employee knew about, that they wouldn't have engaged in the protected activity. But I don't think that that necessarily means that everything that kind of fits within that policy argument then becomes a Title VII claim. And I think that it was in the Billington case before this court that talked about how sometimes it might end up being a First Amendment claim, not a Title VII claim. And so I think here where the protected activity occurred four years after Ms. Sheen was no longer an employee at the Department of Corrections, that might be where the Title VII line actually— there is a line there, and it goes more into the First Amendment. But again, I would encourage the court not to go there on this particular factual record and briefing. And if there are no other questions, I would ask that the court confirm. Thank you. Thank you. Mr. Temple, why don't you take two minutes? Yeah. First and foremost, at page 567 of the transcript, you'll see that plaintiff, prior to the case going to trial, sought to amend the complaint, not based on the vicarious retaliation, but based on negligent misrepresentation associated with the fact that the representation to Mr. Murphy was false and wrongful termination because he was not terminated and was led to believe that. So it is not true that that was the basis for that. That particular amendment was sought based on the evidence that we learned and the evidence that came into trial. What's significant on this particular question is that Ms. Kirby— and I direct your court's attention to her testimony— she underscored that as a matter of law, this termination was conditional and not absolute, and there was an obligation associated with that, to the extent that counsel suggests that Shepard is waived. I don't know that you can waive the law. You can waive the argument, but the argument is consistent with concealment. Thirdly, counsel suggests that the plaintiff did not establish with the court the structural implications and harm caused by the omission of this particular discovery document. Substantially, counsel underlined that this document, to the plaintiff, contaminated everything that the plaintiff did because the plaintiff was operating on a false premise, but not— I think the argument is the one specific thing you asked the district court for was an adverse instruction. Yes. You did not ask for a continuance of the trial. You did not ask for this reason to add a completely new claim. And so what's before us is whether the adverse instruction was warranted. And on that note, in closing, the standard of review for the court, the reasoning for the court, which is not just by the appellee, is that there was no spoilation, and under Rule 37, the concealment was not covered by the Rule 37 argument. We briefed that case substantially in our briefs, and we submit on the record. Thank you for your time.
judges: Henderson; Childs; Garcia